# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3063

_____

| | | |
|---|---|---|
| Carlton Bass, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Drug Enforcement Agency; Douglas | * | Eastern District of Missouri. |
| A. Kash; Unknown Agents of the DEA, | * | |
| as Individual and Official Respondents, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted: February 7, 2002
Filed: February 14, 2002

_____

Before LOKEN, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

Carlton Bass appeals from the district court's[1] adverse grant of summary judgment in his civil action against the United States Drug Enforcement Administration (DEA). We affirm.

_____

[1]The Honorable Thomas C. Mummert, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

In 1996, St. Louis police officers executed a search warrant on a package at a United Parcel Service facility after a police dog responded to the odor of narcotics. The police discovered inside the package a smaller box containing more than $61,000 in cash. The DEA subsequently initiated forfeiture proceedings pursuant to 21 U.S.C. § 881. Following procedures prescribed in 19 U.S.C. §§ 1607-1609, the DEA listed the seizure in USA Today for three consecutive weeks, and sent notice of the proceedings via certified mail to each individual listed as either the sender or recipient on the two containers. The notice sent to "C. Bass" on Shenandoah in St. Louis was returned to the DEA by the post office and stamped "ATTEMPTED, NOT KNOWN." The currency was forfeited to the United States in 1997 because no claims were filed.

Bass asserts that he lived on Shenandoah in 1996 but did not receive notice because the DEA omitted his apartment number from his address. He claims that the DEA's failure to provide him with actual notice of the forfeiture violated his due process rights, and that the initial search and seizure of the package violated his Fourth Amendment rights. Upon de novo review, see Madewell v. Downs, 68 F.3d 1030, 1036 (8th Cir. 1995), we conclude that the DEA's actions were "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action," see Dusenberry v. United States, 122 S. Ct. 694, 700-01 (2002). The DEA had no reason to know Bass's apartment number, and was not required to track him down. See id.; Madewell, 68 F.3d at 1047. Bass's challenge to the seizure of the package, brought under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), fails because he did not allege any direct involvement in the seizure by federal employees. See Buford v. Runyon, 160 F.3d 1199, 1203 nn.6-7 (8th Cir. 1998). Finally, we conclude the district court properly denied Bass's motions to strike and for a subpoena.

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.